UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DORIS P. LAGASCA, | Case No. 5:10-CV-05085-EJD |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration | |
| Defendant. | |

Before the court are motions filed by Plaintiff Lasgasca and Defendant Astrue. Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision by the Social Security Administration, which denied her claim for disability benefits. Plaintiff seeks an order reversing the final decision and awarding benefits, or alternatively remanding for further administrative proceedings.

Defendant moves the Court for summary judgment on the ground that there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

Having reviewed the relevant materials by the parties and the administrative record, the Court finds that Plaintiff's motion is DENIED; and Defendant's motion for summary judgment is GRANTED.

1

# I. BACKGROUND

## A. Procedural History

Plaintiff filed an application for Social Security disability benefits on April 28, 2008 and May 1, 2008. Plaintiff alleged that she became "disabled" on April 3, 2008. Following denial of this claim, Plaintiff requested a hearing which took place on April 15, 2010 before Teresa Hoskins-Hart, Administrative Law Judge ("ALJ"). On May 28, 2010, the ALJ rendered a partially favorable decision, finding Plaintiff "disabled," but not prior to July 1, 2009. See, Administrative Transcript ("Tr.") at 12-20. The ALJ opined that Plaintiff's allegations were generally credible after July 1, 2009. Id., at 18. As such, the ALJ concluded that Plaintiff was under a "disability" from that date onwards.

Plaintiff filed a Request for Review of Hearing Decision, which the Appeals Council denied Id., at 14. Consequently, the ALJ's decision became the Commissioner's final decision.

Plaintiff filed the instant action requesting judicial review of the Administration's decision. See, Complaint, Dkt. No. 1. On May 27, 2011 Plaintiff filed this motion and moved for summary judgment. See, Pl.'s Motion Dkt. No. 20. Defendant also moves the Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law. See, Def's Motion Dkt. No. 25.

## B. Evidence and Factual Findings

The ALJ sufficiently summarized the evidence of record. See, Tr. 12-20. When specific facts serve to illustrate an issue, they are discussed in the relevant sections below.

# II. LEGAL STANDARDS

## A. Standard for Reviewing the ALJ's Decision

Pursuant to 42 U.S.C. § 405(g), the Court has authority to review an ALJ decision. The Court's jurisdiction, however, is limited to determining whether the denial of benefits is supported by substantial evidence in the administrative record. Id. A district court may only reverse the ALJ decision if it is not supported by substantial evidence or if the decision was based on legal error.

Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir.2001). "Substantial evidence" is more than a scintilla, but less than a preponderance. See, Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). The standard requires relevant evidence that a "[r]easonable mind might accept as adequate to support a conclusion." See, Vertigan, 260 F.3d at 1049 (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). The Court must uphold the ALJ's conclusion if it is one of several rational interpretations of the evidence. See, Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005); see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).

In light of this standard, the issues before the Court are whether the Commissioner's final decision *not* to grant disability benefits prior to July 1, 2009 is (a) supported by substantial evidence in the record (as a whole), and (b) free of reversible legal error. Before addressing these issues, it is important to also outline the standards used to determine disability since it is these standards upon which the ALJ decision was made and which this Court reviews for the purposes of reversible legal error.

**B. Standards for Determining Disability**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must also be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." See, Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir.2005). If the claimant proves a prima facie case of disability, then the Commissioner has the burden of establishing that she can perform "a significant number of other jobs in the national economy." See, Thomas, 278 F.3d at 955. The Commissioner can meet this burden "through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

The ALJ evaluates Social Security disability cases using a five-step evaluation process:

3

1      (1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

(2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

(3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments, 20 C.F.R. §§ 20 C.F.R. § 404.1520(d), 416.920(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

(4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If he cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

(5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

See, 20 C.F.R. §§ 404.1520, 416.920 and, generally, Lewis v. Astrue, 2012 WL 1067397 (N.D.Cal., Mar.28, 2012).

Here, Plaintiff's argument is primarily directed towards "why the ALJ chose July1, 2009" as the onset date for Plaintiff's disability. See, Def.'s Motion, Dkt No. 25 at 12.[1] Plaintiff contends that the ALJ does not provide a "rationale" for the onset date of the disability. Id. The Court, however, disagrees. In rejecting this argument, the Court not only looks to what the Plaintiff has claimed as assessed by the ALJ decision, but whether "substantial evidence" exists to support its

---

[1] The Court's analysis of this argument also subsumes the Plaintiff's related argument that the Plaintiff's onset date "should be premised" upon the onset of the Plaintiff's Turner Syndrome symptoms. See, Pl.'s Motion, Dkt No. 20 at 12.

4
Case No. 5:10-CV-05085-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

findings. As addressed earlier, such evidence is more than a scintilla, but less than a preponderance – a standard that is met in this case. See, Thomas 278 F.3d 954.

Before the ALJ, Plaintiff claimed that she was unable to work because of hearing loss, shortness of breath, and chest pain (herein, the 'heart condition). In addition, Plaintiff also claimed symptoms arising from Turner Syndrome. See, Pl.'s Motion, Dkt No. 20 at 12.[2]

With respect to the heart condition – and in applying the above five-step evaluation in accordance with 20 C.F.R. §§ 404.1520 – the ALJ made findings of fact that the "medical evidence" before July 1, 2009 simply did not "corroborate the severity of the symptoms alleged." See, TR. at 16. By Plaintiff's "own account", the ALJ found that her previous "coronary" surgery was successful and she experienced "no complications or pain for many years." Id. And despite pains in April 2008, the ALJ found that "all objective findings from the period" around that time depicted "normal cardiac function." Id. Additional testing of Plaintiff's claimed heart condition did not yield any further objective findings that constituted enough to satisfy the criteria required to show the onset of disability before July 1 2009. Id., at 16-18. Moreover, the ALJ found that despite Plaintiff's subjective allegations, the Plaintiff's next appointment with her "cardiologist did not occur until January 15, 2010." Id. at 16. This indicated a significant gap in cardiac treatment.

Although the ALJ found that there was additional testing in February 2010 that was "somewhat inconsistent" with the testing in January 15, 2010,[3] the ALJ found that there had been "worsening of the claimant's cardiac impairment" to provide the basis for her disability claim. Id. at 18. Indeed, the ALJ found that her condition (at this time) had in fact worsened to such an extent so to support Plaintiff's claim for disability. Id. at 18. This evidence was further corroborated by the evidence of Dr Hirchfeld and Dr Deruryne in November 2009. Id. In examining this corroborative evidence, and based on the evidence (as a whole), the ALJ thus found that July 1

---

[2] The majority of the ALJ decision was directed towards the heart condition symptoms, and to any extent that those symptoms overlap with Turner Syndrome, the Court's holding is equally applicable to those findings made by the ALJ.

[3] Note – the ALJ observed that Dr Hirchfield's letter was dated January 15, 2010, but that it appeared that "ischemia was first documented in late 2009", and thus the ALJ found that July 2009 was "an appropriate onset date for the gradual worsening of Plaintiff's condition." See, Tr. at 18.

5
Case No. 5:10-CV-05085-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

1  2009 was "an appropriate onset date for the gradual worsening of Plaintiff's condition." Id. at 18.[4]
2  This finding need not be questioned by this Court since it is supported by substantial evidence in
3  the record – both express facts and inferences therefrom – as discussed above. See, Batson v.
4  Comm'r of Soc. Sec., 359 F.3d 1190, 1193 1193 (9th Cir. 2004) (explaining that "the
5  Commissioner's findings are upheld if supported by inferences reasonably drawn from the
6  record"). See, also, Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir.2008) (holding that if the
7  evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's
8  finding if "supported by inferences reasonably drawn from the record.'").

9  With respect to Plaintiff's condition related to Turner Syndrome, the ALJ also addressed
10 these symptoms in its decision. See, Tr., at 14, 16-17. As an initial matter, the ALJ found that
11 Plaintiff's Turner Syndrome was a severe impairment as of April 2008, but the ALJ simply did not
12 find it was disabling. Id. at 14-18.

13 In July 2009, Dr. Crapo (a specialist in endocrinology) examined Plaintiff's Turner
14 Syndrome symptoms.  Following the examination, the ALJ observed that the record did not
15 document any subsequent treatment by the specialist, implying that Plaintiff's condition "continued
16 to be well managed by her primary care physician" Id. at 17. This inference is reasonable and
17 supported by the evidence in the record (i.e. the inferred fact that the symptoms did not require
18 further specialist care).This inference also supports the ALJ's finding that Plaintiff's Turner
19 Syndrome symptoms did not constitute a 'disability' in accordance with the relevant regulations as
20 at April 2008.

21 In sum, and as at July 1, 2009, the onset of Plaintiff's disability was largely attributed to her
22 heart condition. This was gleaned from substantive findings, which were in turn predicated upon
23 the totality of the evidence before the ALJ.[5]  It is not for this Court to second guess the ALJ's

---

[4] This finding also conformed with the Plaintiff's "symptoms and limitations", which the ALJ found were "generally credible" from July 1, 2009 onwards. See, Tr. at 18.

[5] Plaintiff attacks the ALJ decision for not conforming with Social Security Ruling 83-20 (SSR 83-20).  However, the Policy Statement in that very ruling states that a determination is assessed by "factors [that] are often *evaluated together* to arrive at the onset date." This is precisely what the

6
Case No. 5:10-CV-05085-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

findings if there is *not* substantial evidence to support those findings – particularly where the ALJ has made inferences and had the vantage point of reviewing the evidence at first instance as a whole.[6] See, Batson, 359 F.3d at 1193.

Based on the above, the ALJ thus determined that Plaintiff was not disabled prior to July 1, 2009, but became disabled on that date for the purposes of the disability regulations that govern cases such as the present. See, 20 CFR 404.1520(f) and 416.920(f), 404.1520(g) and 416.920(g). The Court holds that there is no reason to disturb this conclusion since there is nothing in the ALJ decision to suggest that it was *not* supported by substantial evidence. See, Vertigan 260 F.3d 1049. Nor is there anything in the ALJ decision to suggest that there has been legal error in the application of the relevant law.[7] Given that the ALJ did not err with respect to either of these grounds, Plaintiff's motion for summary judgment is denied.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiff's motion for summary judgment is DENIED and Defendant's motion is GRANTED.

Since this order represents a final resolution of all the issues in this case, judgment will be entered in favor of the Defendant and the Clerk will close this file, accordingly.

Dated: September 27, 2012

_____
EDWARD J. DAVILA
United States District Judge

---

ALJ has done in making its decision in the present case. See, also Social Security Ruling (*SSR) 96-8p (stating that the ALJ must look at the whole record, not just a single piece of evidence.)

[6] This included vocational expert testimony and the fact that the Plaintiff was "closely approaching advanced age on July 1, 2009." See, Tr. at 18-19.

[7] Given that there was no reversible error, it follows that Plaintiff's motion for remand (in the alternative) is also denied.

7
Case No. 5:10-CV-05085-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT